# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**FILED**
U.S. District Court
District of Kansas

JAN -9 2014

Clerk, U.S. District Court
By /s/ _____ Deputy Clerk

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JAMIE L. HERRON,**
**CORY L. POULTER,**
**ROY L. SCOTT, and**
**SUSAN M. HENKS**

    Defendants.

CASE NO. 14-M-6004-01,02,03,04-KMH

---

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On or about July 5, 2013, in the District of Kansas, the defendants,

**JAMIE L. HERRON,**
**CORY L. POULTER, and**
**SUSAN M. HENKS,**

did unlawfully, knowingly, and intentionally possesses with the intent to distribute 5 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(B), and Title 18, United States Code § 2.

## COUNT 2

On or about September 26, 2012, in the District of Kansas, the defendants,

**JAMIE L. HERRON, and**
**ROY L. SCOTT,**

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C), and Title 18, United States Code § 2.

## COUNT 3

On or about September 28, 2012, in the District of Kansas, the defendants,

**JAMIE L. HERRON,**
**CORY L. POULTER, and**
**ROY L. SCOTT,**

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C), and Title 18, United States Code § 2.

### COUNT 4

On or about October 2, 2012, in the District of Kansas, the defendants,

## JAMIE L. HERRON,
## CORY L. POULTER, and
## ROY L. SCOTT,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C), and Title 18, United States Code § 2.

### COUNT 5

On or about October 3, 2012, in the District of Kansas, the defendants,

## JAMIE L. HERRON, and
## ROY L. SCOTT,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C) , and Title 18, United States Code § 2.

### COUNT 6

On or about October 4, 2012, in the District of Kansas, the defendants,

## JAMIE L. HERRON, and
## ROY L. SCOTT,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

3

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C), and Title 18, United States Code § 2.

## COUNT 7

On or about September 28, 2013, in the District of Kansas, the defendant,

## JAMIE L. HERRON,

did unlawfully, knowingly, and intentionally possess methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 844(a).

## COUNT 8

On or about October 2, 2013, in the District of Kansas, the defendant,

## CORY L. POULTER,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C).

## COUNT 9

On or about October 24, 2013, in the District of Kansas, the defendant,

## CORY L. POULTER,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C).

## COUNT 10

On or about December 16, 2013, in the District of Kansas, the defendant,

## JAMIE L. HERRON,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C).

### COUNT 11

On or about January 6, 2014, in the District of Kansas, the defendants,

## JAMIE L. HERRON, and
## ROY L. SCOTT,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C), and Title 18, United States Code § 2.

### COUNT 12

On or about January 7, 2014, in the District of Kansas, the defendants,

## JAMIE L. HERRON,

did unlawfully, knowingly, and intentionally distribute methamphetamine, a controlled substance.

In violation of Title 21, United States Code, §§ 841(a) and 841(b)(1)(C).

I further state that I am a Detective of the Wichita Police Department, and that this Complaint is based on the following facts:

SEE ACCOMPANYING AFFIDAVIT, WHICH IS INCORPORATED BY REFERENCE AS THOUGH SET OUT IN FULL HEREIN.

_____
Detective Edward Pedron
Wichita Police Department


Sworn to before me and subscribed in my presence this 9th day of January, 2014, at Wichita, Kansas.

_____
Honorable Karen M. Humphreys
United States Magistrate

6

# **AFFIDAVIT**

I, Eduardo Padron, being duly sworn, state the following:

1. Your affiant is employed as a detective with the Wichita Police Department (WPD) and has been employed with the WPD since 1995.

2. Your affiant is involved in an investigation regarding alleged violations of State and Federal Laws on the part of Jamie L. Herron, and Roy L. Scott. Further your affiant has knowledge of information that is either, personally known to the affiant, or has been provided to the affiant by other law enforcement personnel and witnesses, regarding the alleged violation of State and Federal Laws on the part of Jamie L. Herron, Roy L. Scott, Cory L. Poulter, and Susan M. Henks.

3. As a result of your affiant's training and experience as a WPD Officer, your affiant is knowledgeable of both State and Federal controlled substances laws. Your affiant has probable cause to believe that crimes have been committed by Jamie L. Herron, Roy L. Scott, Cory L. Poulter, and Susan M. Henks, in violation of both State of Kansas and Federal controlled substances laws.

4. On July 5, 2013, in Rush County, Kansas. State and local officers executed a search warrant at 302 E. 13th Street, LaCrosse, Kansas, which is the residence of Susan M. Henks. When the officers entered the residence they found Susan M. Henks, Cory L. Poulter, Jamie L. Herron, and four children inside the home. During the search of the residence officers located what was later determined to be 28.2 grams of methamphetamine. This methamphetamine was found in the purse of Jamie Herron. Ms. Herron admitted the methamphetamine found in the purse was hers. Other drug related items were also found in the residence including digital scales, glass pipes, a notebook with a drug ledger, and a small amount of marijuana. The adults found in the residence were arrested and taken to the Rush County Sheriff's Office.

5. While at the Sheriff's Office Jamie Herron was interviewed. She told officers that Susan Henks had hidden a black case in the trees behind the house on 13th Street. Herron stated the black case contained methamphetamine. Henks gave law enforcement permission to search the yard around her home. Sheriff Ward Corsair searched her yard and trees. Sitting on the ground between some trees Sheriff Ward found a black zippered case. Inside the case he found what was later determined to be in excess of 25 grams pure methamphetamine, a spoon, digital scales, empty baggies, meth pipes. The methamphetamine was packaged in seven plastic bags. One bag had more than 25 grams gross methamphetamine and each of the other six bags had less than 5 grams gross methamphetamine. (These are mixture weights and not pure weights). Henks admitted to law enforcement that the black case and contents belonged to her. She stated that she purchased the methamphetamine from Corey Poulter earlier in the week for $2,800. Henks admitted to distributing methamphetamine to local residents.

6. Court records show that both Susan L. Henks and Cory L. Poulter have previously been convicted of felony drug charges. On February 26, 2002, Susan L. Henks was convicted of two counts of distribution of narcotics, and one count of possession of narcotics all in Harvey County District Court case 01-CR-338. On March 26, 2009, Cory L. Poulter was convicted of possession of methamphetamine in Harvey County District Court case 09-CR-115, and on May 29, 2013, he was convicted of possession with the intent to distribute methamphetamine in Harvey County District Court case 2013-CR-072. The last conviction is in relation to the events described below from September 26, 2012.

7. On September 26, 2012, a Confidential Informant (CI#1) set up a drug purchase of approximately 1/2 ounce of methamphetamine for $900. The deal was arranged between the CI and Corey L. Poulter via Poulter's cell phone. The CI was going to purchase the methamphetamine from Poulter who was going to get the methamphetamine from his suppliers, Roy L. Scott and Jamie L. Herron, who lived at 130 Jefferson Street, Sedgwick, Kansas. The CI met with Poulter in Halstead, Kansas, where Poulter provided the CI with approximately 13.1 grams of methamphetamine for $900. Poulter had received the methamphetamine from Herron and Scott.

8. On September 27, 2012, CI#1 set up a drug purchase of approximately 1/4 ounce of methamphetamine for $450. The drug purchased was arranged between the CI and Corey L. Poulter via Poulter's cell phone. The CI was going to purchase the methamphetamine from Poulter who was going to get the methamphetamine from his suppliers, Roy L. Scott and Jamie L. Herron, who lived at 130 Jefferson Street, Sedgwick, Harvey County, Kansas. CI#1 met with Poulter in Halstead, Kansas, where Poulter provided the CI with approximately 6.5 grams of methamphetamine for the $450. Poulter had received the methamphetamine from Herron and Scott.

9. On October 2, 2012, CI#2 set up a purchase of methamphetamine from Corey Poulter and his suppliers, Jamie Herron and Roy Scott. The CI was given $450 to buy the methamphetamine. Initially the CI went to Poulter's residence and picked him up. The two then traveled to Herron and Scott's residence in Sedgwick, Kansas. The CI, Poulter, Scott and Herron all visited for several hours at the residence. Herron and Scott told the CI that they had to go pick up the methamphetamine from their supplier and would later call Poulter for him to pick up the CI's methamphetamine. On October 3, 2012, Poulter contacted the CI and told him to come to his trailer. When he arrived at the trailer, Poulter provided him with approximately 7.04 grams of methamphetamine. The CI could not immediately contact the law enforcement officer that was handling him, so he placed the methamphetamine under Poulter's trailer and returned later with the officer to retrieve it.

10. On October 3, 2012 CI#1 set up a purchase of methamphetamine from Roy Scott and Jamie Herron. The CI was given $300 of money to purchase the methamphetamine. The CI stated that Scott was the final authority on the drug sale but Herron was in charge of the transaction. The CI went to Herron and Scott's residence in Sedgwick, Kansas. The three visited for several hours. Eventually Herron had the CI follow her back to a bedroom where the CI gave her $300 and she gave the CI approximately 6.1 grams of methamphetamine.

11. On October 4, 2012 CI#1 set up a purchase of methamphetamine from Roy Scott and Jamie Herron. The CI was given $450 to purchase methamphetamine and to pay of a previous drug debt. Again the CI stated that Scott was the final authority on the drug sale but Herron was in charge of the transaction. The CI went to Herron and Scott's residence. The three visited for several hours before Herron had the CI follow her to a bedroom. Once in the back room the CI gave her the $450 and Herron provided the CI with approximately 5.3 grams of methamphetamine.

12. On June 28, 2013, Officer Lowe of the Newton Police Department stopped a vehicle driven by Jimmy Suttle in Newton, Kansas. There were two passengers with Suttle, Jamie Herron and Meaghan Rhodes. During the traffic stop Officer Lowe asked for permission to search the truck. Suttle agreed and Officer Lowe searched the truck. Herron and Rhodes were asked to step from the vehicle. When Herron got out of the vehicle she had a purse. Officer Lowe asked if he could look in the purse. Herron gave consent and Lowe looked in the purse. While looking in the purse Officer Lowe found a glass smoking pipe commonly used to ingest methamphetamine. Herron was arrested. While she was being placed in a patrol car she told a second officer that she had three small bags of methamphetamine in her bra and a methamphetamine pipe in her underwear. Herron retrieved the items and gave them to the officers. There were three small plastic bags and each contained less than a gram of methamphetamine.

13. On October 2, 2013, a Confidential Informant (CI#2) was used to purchase methamphetamine from Corey L. Poulter. . CI#2 was working off potential charges related to the illegal sale of narcotics. On that date the CI met with Poulter in the parking lot of the Econo Lodge in Newton, Kansas. The two met in Poulter's truck. While in the truck the two arranged for the purchase of methamphetamine. They then got out of the truck and went into the hotel. While in the hotel Poulter provided the CI with approximately 3 grams of methamphetamine and the CI gave Poulter the agreed upon amount of money.

14. On October 24, 2013, CI#2 was used to purchase methamphetamine from Corey L. Poulter. On that date the CI went to Poulter's residence located at 815 N. Walnut, Newton, Kansas. Once there the CI entered Poulter's home and purchased approximately 2 grams of methamphetamine from Poulter for an agreed upon amount of money.

15. On December 16, 2013 CI#2 was used to purchase methamphetamine from Jamie Herron CI#2 contacted Herron and arranged to buy a small quantity of methamphetamine. The CI and Herron met in Newton, Kansas where the CI provided Herron with U.S. currency in exchange for approximately 1.8 grams of methamphetamine.

16. On January 6, 2014, CI#2 arranged to purchase methamphetamine from Jamie Herron. Law enforcement set up surveillance and observed Herron drive to the Newton, Kansas, where she met up with Roy Scott. Herron got into Scott's truck and the two drove to the CI's residence. Herron and Scott went into the residence where the three talked about the drug sale. Herron talked with the CI about the deal while Scott separated the methamphetamine out. Once they had agreed on the terms, Herron gave the CI the methamphetamine and the CI gave them the money. The amount purchased was less than a gram.

17. On January 7, 2014, CI#2 arranged to purchase methamphetamine from Jamie Herron. The CI traveled to Herron's residence in Wichita, Kansas, and met with her. While the CI was at Herron's residence she purchased less than a gram of methamphetamine from Herron.

18. Your affiant believes that based on the aforementioned facts, there is probable cause to believe that Jamie L. Herron, Roy L. Scott, Cory L. Poulter, and Susan M. Henks have violated 21 U.S.C. § 841(a). Based on the aforementioned facts, your affiant believes that arrest warrants should be issued for Jamie L. Herron, Roy L. Scott, Cory L. Poulter, and Susan M. Henks.

Subscribed and sworn before me this
9th day of January 2014

Eduardo Padron
WPD Detective

Karen M. Humphreys
United States Magistrate Judge